UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIAMAK BASTAMI,<br><br>        Plaintiff,<br><br>    v.<br><br>SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>        Defendant. | Case No. 17-CV-00407-LHK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Siamak Bastami ("Plaintiff") brings this suit against Defendant Semiconductor Components Industries, LLC ("Defendant") for employment discrimination. Before the Court is Plaintiff's Motion to Remand. ECF No. 10 ("Mot."). Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion to Remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2016, Defendant sent Plaintiff a written offer of employment. ECF No. 10-1, Declaration of Scardigli ("Scardigli Decl.") Ex. A. Plaintiff accepted the offer, and was employed by Defendant as a System Applications, Senior Manager from January 25, 2016 to May 27, 2016. Complaint, ECF No. 1-1 ("Compl.") ¶ 8. Plaintiff alleges that he was disabled because he suffered from kidney failure, which required weekly dialysis. *Id.* ¶ 9. Plaintiff alleges that, on

1 May 27, 2016, Defendant terminated Plaintiff because of Plaintiff's disability. *Id.* Moreover, Plaintiff alleges that Defendant "refused to provide reasonable accommodation for [Plaintiff's] disability in the form of, for instance, a sufficient leave of absence." *Id.* ¶ 10. Defendant's leave policy allowed 30 days of medical leave, and Plaintiff took medical leave from April 27, 2016 to May 27, 2016. *Id.* When Plaintiff allegedly requested a "brief extension," Defendant refused, and instead, terminated Plaintiff. *Id.*

On July 8, 2016, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). *Id.* ¶ 12. The DFEH issued Plaintiff a right-to-sue notice.

On November 14, 2016, Plaintiff filed the instant suit in the Superior Court of California for the County of Santa Clara. *See* Compl. Defendant alleged three causes of action for violation of California's Fair Employment and Housing Act (the "FEHA"): (1) disability discrimination, (2) failure to accommodate, and (3) failure to prevent discrimination. *Id.*

On January 26, 2017, Defendant removed the instant suit to federal court based on diversity jurisdiction. ECF No. 1 ("Notice of Removal"). Plaintiff is a California resident, and Defendant is a corporation incorporated in Delaware with its primary place of business in Arizona. *Id.* Defendant asserts that the amount in controversy is at least $117,000. *Id.*

On February 9, 2017, Plaintiff filed the instant motion to remand. *See* Mot. Plaintiff's motion for remand is based on a forum selection clause in the January 14, 2016 written offer of employment sent from Defendant to Plaintiff. Scardigli Decl. Ex. A. On February 23, 2017, Defendant filed an opposition to Plaintiff's motion to remand, ECF No. 18 ("Opp'n"), and on March 2, 2017, Plaintiff filed a reply, ECF No. 19 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity

2

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Even if a Court has subject matter jurisdiction over a suit that has been removed, a suit may be remanded based on a forum selection clause. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) ("[A] forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)); *QSR Mgmt., Inc. v. Dunkin Brands, Inc.*, 2008 WL 2856456, at *1 (C.D. Cal. Mar. 23, 2008) ("A court has inherent authority to remand an action to state court to enforce a forum selection agreement" (citation omitted)); *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1079–80 (C.D. Cal. 2004) ("The enforcement of a forum selection clause is a proper basis for remanding a removed case to state court"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984) (affirming the district court's remand of an action to state court on grounds that a valid and enforceable forum selection clause governed).

In cases based on diversity jurisdiction, federal law governs the interpretation and enforceability of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in [*M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12 (1972)] controls enforcement of forum clauses in diversity

3
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

cases . . . . Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses." (citation omitted)).

Under Ninth Circuit and United States Supreme Court precedent, forum selection clauses are presumptively valid and enforceable "'absent some compelling and countervailing reason.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *Bremen*, 407 U.S. at 12). The Ninth Circuit has identified three "compelling" reasons that would permit a court to disregard a forum selection clause: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Id.* (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

## III. DISCUSSION

The parties do not dispute that this Court has subject matter jurisdiction over this case based on diversity jurisdiction. The Court agrees. Under 28 U.S.C. § 1332, diversity jurisdiction exists if the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Here, Plaintiff is a resident of California; Defendant is a company incorporated in Delaware with its primary place of business in Arizona; and the amount in controversy exceeds $75,000. Notice of Removal ¶ 18. Accordingly, the Court has diversity jurisdiction.

Regardless, Plaintiff argues that the instant suit should be remanded to the California Superior Court for the County of Santa Clara based on the forum selection clause in Defendant's January 14, 2016 written offer of employment to Defendant. The forum selection clause states the following:

**Governing Law and Venue**

. . . .

Except for actions for injunctive or other equitable relief, which may be brought in any court of competent jurisdiction, any legal suit, action or proceeding arising out of or relating to this offer letter shall be commenced in a federal court in the District of California or in state court in the County of Santa Clara, California,

4
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

and each party hereto irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding.

Scardigli Decl. Ex. A at 1–2. Plaintiff argues that even though this forum selection clause allows a case to be commenced in either federal court or state court, once the case has been brought in state court, Defendant cannot change forums by removal.

In response, Defendant argues that the forum selection clause does not apply to the instant suit because (1) Plaintiff seeks injunctive relief in addition to compensatory damages, and (2) the instant suit does not "aris[e] out of or relat[e] to th[e] offer letter." Moreover, Defendant argues that even if the forum selection clause is applicable, the terms of the forum selection clause allow removal.[1]

The Court notes that the parties also disagree about how ambiguities in a forum selection clause should be interpreted on a motion to remand. Therefore, the Court first addresses how such clauses should be interpreted. The Court then addresses whether the terms of the forum selection clause require the instant case to be remanded. Finally, the Court discusses whether the forum selection clause applies to the instant case.[2]

---

[1] Defendant does not argue that the forum selection clause is unenforceable for any of the "compelling reasons" described by the Ninth Circuit in *Murphy*, as set forth above in Section II. Thus, if the forum selection clause applies and its terms prevent removal, the Court need not discuss whether the forum selection clause is otherwise unenforceable.

[2] As an initial matter, Defendant argues that the instant case cannot be remanded because the offer letter containing the forum selection clause, which is attached to the instant motion, has not been properly authenticated. Defendant's argument fails. The declaration authenticating the offer letter indicates that *Defendant* produced the offer letter to *Plaintiff* as part of Plaintiff's personnel file. *See* Scardigli Decl. ¶ 6 (indicating that executed agreement was "produced to Plaintiff from Defendant"). It is disingenuous for Defendant to now assert that the offer letter is not properly authenticated. Regardless, the Court need not determine whether the offer letter is properly authenticated because Plaintiff's complaint reproduces the entirety of the forum selection clause contained in the offer letter and identifies it as the relevant clause governing forum in the instant suit. Compl. ¶ 6. Defendant's answer in state court and Defendant's Notice of Removal do not assert that the forum selection clause in Plaintiff's complaint is inaccurate or the wrong contractual provision. *See* Notice of Removal & Ex. B. On a motion to remand, "the Court accepts the allegations of plaintiff's complaint as true." *Clancy v. Bay Area Bank*, 1997 WL 182291, at *3 (N.D. Cal. Apr. 7, 1997), *aff'd*, 141 F.3d 1174 (9th Cir. 1998); *City of Ann Arbor Emps. Ret. Sys. v. Gecht*, 2007 WL 760568, at *6 (N.D. Cal. Mar. 9, 2007) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006)). Therefore, because Plaintiff's complaint alleges that the forum selection clause is the relevant contractual provision governing forum, and Defendant does not argue otherwise, the Court may properly consider the forum selection clause on the

5
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

### A. Interpretation of Forum Selection Clauses on a Motion to Remand

Plaintiff argues that any ambiguities in the forum selection clause should be construed against the drafter of the offer letter. *Consul, Ltd. v. Solide Enterps, Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986) ("It is axiomatic that ambiguities in contractual language are construed against the drafter."). In response, Defendant argues that any ambiguities in the forum selection clause should be construed in Defendant's favor because waiver of the right of removal must be "clear and unequivocal." Opp'n at 2.

The Ninth Circuit has held that parties may waive the right to remove a case to federal court through actions taken during the course of state court proceedings ("litigation based waivers"), or through agreements made between the parties in forum selection clauses ("forum selection clause based waivers"). *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (discussing whether the defendant's actions in state court constituted a waiver); *Docksider, LTD v. Sea Technology, LTD*, 875 F.2d 762, 763–64 (9th Cir. 1989) (finding that forum selection clause can waive a defendant's right of removal). The Ninth Circuit applies one standard to litigation based waivers and a different standard to forum selection clause based waivers. For litigation based waivers, the Ninth Circuit has held that the waiver of the right of removal must be "clear and unequivocal." *Resolution Trust*, 43 F.3d at 1240. In contrast, in cases interpreting forum selection clauses, the Ninth Circuit has made no mention of the clear and unequivocal standard. *See, e.g.*, *Docksider*, 875 F.2d at 763–64 (finding that forum selection clause clearly mandated the case to proceed in a state forum without mentioning the clear and unequivocal standard); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995) (finding removal not precluded without applying the clear and unequivocal standard).

Like the Ninth Circuit, the Third and Eleventh Circuits apply the clear and unequivocal standard only to litigation based waivers. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th

---

instant motion to remand.

6

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

Cir. 1999) ("[L]itigation-based waivers must be distinguished from [] contractual waivers."); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991) (same). The Eleventh and Third Circuits apply the clear and unequivocal standard to litigation based waivers because "[o]therwise, parties would be put in the difficult position of, on the one hand, not taking any action in state court in order to preserve definitively the right to remove and, on the other hand, running the risk of a default judgment unless they take steps to defend the action in state court." *Snapper*, 171 F.3d at 1261 (citing *Foster*, 933 F.2d at 1217 n.15).

However, in the context of forum selection clause based waivers, the Eleventh and Third Circuits have held that applying the clear and unequivocal standard would "go[] against the general trend of interpreting the removal statutes against removal and probably springs from the outdated notion that forum selection clauses are disfavored." *Id.* (citing *Foster*, 933 F.2d at 1217 n.15). Although such clauses were at one time held to be unenforceable as "contrary to public policy," the United States Supreme Court's opinion in *Bremen*, 407 U.S. at 12, stated that "this notion is old-fashioned and contrary to freedom of contract." *Foster*, 933 F.2d at 1217 n.15. Thus, the clear and unequivocal standard should not be applied to forum selection clause based waivers of the right of removal.

The Court notes that the Sixth Circuit has applied the clear and unequivocal standard to forum selection clause based waivers. *See, e.g.*, *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) ("[T]he case law makes it clear that such waiver must be clear and unequivocal."). However, Sixth Circuit law differs from that of the Ninth, Third, and Eleventh Circuits. Moreover, the *Regis* court's determination that the clear and unequivocal standard applies to forum selection clause based waivers relies primarily on district court decisions made in the litigation based waiver context. *Id.* at 195 (relying on *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1479 (C.D. Ill. 1984) ("The actions taken by the Defendant combined with the untimeliness of the removal, are sufficient to constitute a waiver on the part of the Defendant.")). Thus, the Court finds the Sixth Circuit's rationale to be unpersuasive.

7

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

For the foregoing reasons, the Court does not apply the clear and unequivocal standard to forum selection clause based waivers of the right of removal.

### B. Whether the Forum Selection Clause Requires Remand

The Court next turns to whether the forum selection clause requires remand in the instant case. The Ninth Circuit has held that where a forum selection clause requires a case to be litigated in state court, removal is inappropriate. For example, in *Docksider*, 875 F.2d 762, the Ninth Circuit addressed a forum selection clause that stated that "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Id.* at 763. The Ninth Circuit held that this clause "clearly designate[d] the state court in Gloucester County, Virginia, as the exclusive forum." *Id.*

In contrast, in *Council of Laborers*, 69 F.3d 1034, the Ninth Circuit addressed a forum selection clause that stated that "the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco." *Id.* at 1036. The Ninth Circuit held that because the language was not mandatory, i.e., did not designate the Superior Court of the City and County of San Francisco as the exclusive forum, the forum selection clause did not preclude removal. *Id.*

Here, the forum selection clause contains mandatory and exclusive language. *See* Scardigli Decl. Ex. A (each party "irrevocably submits to the exclusive jurisdiction of any such court"). However, the forum selection clause here refers to two different forums: state court in the County of Santa Clara and federal court in the "District of California."[3] Unlike in *Docksider* and *Council of Laborers*, where the question was whether the language was sufficiently mandatory and exclusive, the question here is whether the mandatory and exclusive language applies to the forum where Plaintiff first brought suit, thus preventing removal by Defendant.

As noted above, the forum selection clause states that "any legal suit, action or

---

[3] The Court notes that there is no single "District of California," but four such districts: the Northern, Eastern, Central, and Southern Districts. A single "District of California" has not existed since the 1800s. However, the Court construes this phrase to mean any federal district court located in California.

8

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

proceeding . . . shall be commenced in a federal court in the District of California or in state court in the County of Santa Clara, California, and each party hereto irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding." Scardigli Decl. Ex. A. Plaintiff argues that this forum selection clause unambiguously indicates that Defendant has "irrevocably submit[ted] to the exclusive jurisdiction and venue" of the court where an action is commenced. In contrast, Defendant argues that the forum selection clause indicates that the parties consented to the jurisdiction of both the federal and state forum and that the clause does not limit either party's right of removal from the state to the federal forum.

The Court agrees with Plaintiff that the forum selection clause requires remand of the instant case. The Court reaches this conclusion because the forum selection clause states that Defendant "irrevocably submits to the exclusive jurisdiction of any such court in any such suit, action or proceeding." Scardigli Decl. Ex. A. The instant suit was filed in the California Superior Court for the County of Santa Clara, one of the courts to whose "exclusive jurisdiction and venue" Defendant agreed to "irrevocably submit[]." Thus, because Defendant has agreed to the "exclusive jurisdiction and venue" of one of the specified courts in the instant suit, the mandatory language of the forum selection clause precludes Defendant from changing that exclusive jurisdiction and venue through removal. *See Docksider*, 875 F.2d at 763 (holding that clause mandating a certain forum prevents removal).

Regardless, Defendant argues that Defendant's submission to the "exclusive jurisdiction and venue of any such court" actually meant that Defendant was "irrevocably submit[ting] to the exclusive jurisdiction" of both state court *and* federal court, and thus removal is allowed. However, the wording of the forum selection clause precludes such an interpretation. The forum selection clause states that Defendant submits to the exclusive jurisdiction of "any such court in any such suit" rather than "any such courts" or "such courts." The use of the singular "court" rather than plural "courts" indicates that Defendant only has submitted to the exclusive jurisdiction and venue of a single court in "any such suit." *Compare S. Ohio Sand, LLC v. Preferred Proppants, LLC*, 2016 WL 1457931, at *2 (N.D. Ohio Apr. 14, 2016) (holding that statement that

9

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

clause stating that "each Party irrevocably submits to the exclusive jurisdiction of such courts" did not waive the right to remove because "[i]n using the plural term "courts", the parties reflected some acknowledgment that cases could be removed from state court"); *Spenlinhaur v. R.R. Donnelley & Sons Co.*, 534 F. Supp. 2d 162, 162–63 (D. Me. 2008) (finding no waiver of removal where defendant irrevocably submitted "to the exclusive jurisdiction of the chosen courts"). Thus, because the suit commenced in Santa Clara County Superior Court, and Defendant submitted to that court's exclusive jurisdiction, a change in jurisdiction and venue cannot occur.

Defendant also argues that the court in which Plaintiff decided to commence the instant suit is not necessarily the Court to whose "exclusive jurisdiction and venue" Defendant must submit. That is, Defendant argues that even if the suit begins in state court, Defendant can choose to instead "irrevocably submit" to the exclusive jurisdiction and venue of federal court after removal. However, the forum selection clause does not provide the defendant in a lawsuit such a choice. The forum selection clause mandates that a plaintiff bring suit in either state court in Santa Clara County or federal court in the "District of California," and indicates that each party "irrevocably submits," in the present tense, to "any such court in any such suit." Thus, the forum selection clause does not provide Defendant the choice to submit to the exclusive jurisdiction of a different court from the one in which the suit was filed because Defendant has *already* submitted to the exclusive jurisdiction of "any such court" at the time a suit is brought. "[I]t would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in [California] federal *or* state court to also agree that they can challenge (by way of removal) each others' decision to file in [California] state court." *InterDigital, Inc. v. Wistron Corp.*, 2015 WL 4537133, at *1 (D. Del. June 18, 2015).

Even if the forum selection clause was ambiguous and could be read in the manner asserted by Defendant, the Court would still find removal to be appropriate. Any ambiguity in a contract must be interpreted against the drafter, including a forum selection clause. *Consul*, 802 F.2d at 1149 ("It is axiomatic that ambiguities in contractual language are construed against the drafter."). The forum selection clause is written as part of an offer letter from Defendant to

10

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

Plaintiff and was written by Defendant. Thus, to the extent the forum selection clause is ambiguous, it must be construed against Defendant and against removal.

Accordingly, the Court finds that the forum selection clause does not allow removal from federal court to state court in the instant case.

### C. Applicability of the Forum Selection Clause

As noted above, the forum selection clause states that "*[e]xcept for actions for injunctive or other equitable relief*, . . . any legal suit, action or proceeding *arising out of or relating to this offer letter* shall be commenced in a federal court in the District of California or in state court in the County of Santa Clara, California, and each party hereto irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding." Scardigli Decl. Ex. A at 1–2 (emphases added).

Defendant argues that even if the forum selection clause does not allow removal, the clause, for two reasons, does not apply to the instant suit. First, Defendant argues that the forum-selection clause does not apply because it contains an exception for "actions for injunctive or other equitable relief" (hereafter, the "injunctive or equitable relief exception"), and Plaintiff's complaint includes a prayer for injunctive and declaratory relief. Scardigli Decl. Ex. A. Second, Defendant argues that the forum selection clause does not apply because even though the forum selection clause only applies to "action[s] or proceeding[s] arising out of or relating to this offer letter," the instant suit does not arise out of the offer letter. The Court addresses each argument in turn.

#### 1. Injunctive or Equitable Relief Exception

The Court first addresses whether the prayer for injunctive and declaratory relief in Plaintiff's complaint in the state court action prevents the forum selection clause from applying to the instant suit. Plaintiff's complaint contains three FEHA causes of action: (1) disability discrimination, (2) failure to accommodate, and (3) failure to prevent discrimination. Compl. ¶¶ 14–28. Each of these causes of action is based on allegations that Defendant discriminated against Plaintiff when Defendant refused to give Plaintiff extra medical leave for his disability and

11

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

terminated Plaintiff's employment. *See id.* ¶¶ 16 ("[A]s set forth above, Defendant[] discriminated against Bastami based on actual and perceived disability."), 21 ("Defendants refused to provide Bastami with reasonable accommodation for his known disability."). Under each cause of action, Plaintiff does not request injunctive or declaratory relief, but seeks "damages as set forth below." Compl. ¶¶ 18, 23, 28. In the prayer for relief, however, in addition to "compensatory, special, and general damages," Plaintiff requests injunctive and declaratory relief for Defendant to halt its discriminatory practices, to provide training for compliance with FEHA, and to develop a policy that will prevent discrimination. Compl. at 5. Declaratory relief, like injunctive relief, is a remedy that "sounds in equity." *Premiere Radio Networks, Inc. v. Hillshire Brands Co.*, 2013 WL 5944051, at *3 (C.D. Cal. Nov. 4, 2013).

As noted above, the forum selection clause includes an exception for "actions for injunctive or other equitable relief." However, the forum selection clause does not address the parties' expectations where the plaintiff seeks *both* compensatory damages and injunctive or other equitable relief in the same suit for the same causes of action. There are three potential interpretations of the injunctive or equitable relief exception. A suit could be an action for injunctive or other equitable relief where a plaintiff (1) seeks solely injunctive or equitable relief, (2) seeks primarily or predominantly injunctive or equitable relief, or (3) includes a prayer for injunctive or equitable relief in the complaint that is not the primary or predominant relief sought. Defendant argues for the third of these three interpretations; Plaintiff argues for the first or second of these three interpretations. The Court first interprets the injunctive or equitable relief exception, and then discusses whether the instant suit falls within the exception.

For the reasons discussed below, the Court finds that the plain meaning of the forum selection clause supports Plaintiff's rather than Defendant's interpretation of the injunctive or equitable relief exception, and that the exception does not apply where a complaint simply includes a prayer for injunctive or equitable relief that is not the primary or predominant relief sought. As noted above, the forum selection clause states that it does not apply to "actions for injunctive and other equitable relief." This language does not expand the exception to "any

actions in which injunctive or other equitable relief is sought." Instead, the language of the clause states that the "action[]" itself should be for injunctive or other equitable relief. It would be a strained interpretation of the injunctive or equitable relief exception and its focus on the entire "action[]" to find that a prayer for injunctive or equitable relief that is not the primary or predominant relief sought in the suit still transforms the entire suit into an "action[] for injunctive or other equitable relief."

Moreover, as noted above, "[i]t is axiomatic that ambiguities in contractual language are construed against the drafter." *Consul*, 802 F.2d at 1149. Thus, to the extent the injunctive or equitable relief exception is ambiguous as to the three interpretations described above, the Court must construe the exception against Defendant. Therefore, the Court finds that the injunctive or equitable relief exception to the forum selection clause does not extend to circumstances where a plaintiff includes a prayer for injunctive or equitable relief that is not the primary or predominant relief sought.

Accordingly, the injunctive or equitable relief exception to the forum selection clause may apply only where either (1) injunctive or equitable relief is the sole remedy sought by the plaintiff, or (2) injunctive or equitable relief is the primary or predominant remedy sought by the plaintiff. The Court need not determine which of these two interpretations of the injunctive or equitable relief exception is correct because the Court finds below that either interpretation would require remand.[4] The Court addresses each interpretation in turn.

---

[4] However, in other contexts, courts have generally looked to what type of relief predominates to determine whether a suit is primarily or predominantly seeking equitable relief or damages. For example, in *Danford v. Schwabacher*, 488 F.2d 454 (9th Cir. 1973), the Ninth Circuit discussed whether a complaint was equitable or "legal" for the purposes of determining whether the stay of a case pending arbitration could be appealed (if a claim was a "legal" action rather than a suit in equity, it could be appealed). *Id.* at 473. The Ninth Circuit held that to determine whether a suit was a "legal" action rather than an action in equity, courts must look to "the face of [the] complaint" to determine whether "the legal or the equitable aspects predominate." *Id.* Similarly, in *Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820 (9th Cir. 1963), the Ninth Circuit held that a case was "a suit in equity seeking an injunction" because even though compensatory damages were pled as part of the suit, "[t]he allegation of damages is apparently incidental to the proceeding for equitable relief." *Id.* at 829; *see also Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 528 (N.D. Ill. 1998) ("When an action for creation of a medical monitoring fund is primarily a suit for damages or incidental to claims for money damages, however, it is not appropriate for class

13
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

As to the first interpretation, injunctive and equitable relief are certainly not the *sole* remedies pled in Plaintiff's complaint because Plaintiff's complaint seeks damages for each FEHA cause of action. Thus, if the injunctive or equitable relief exception only applies if the sole remedy sought in the complaint is injunctive or equitable, the exception would not apply to the instant case.

As to the second interpretation, for the following reasons, injunctive and equitable relief are not the primary or predominant forms of relief sought by Plaintiff's complaint. For each cause of action under the FEHA, Plaintiff does not seek injunctive or declaratory relief but solely states that he "seeks damages as set forth below." Compl. ¶¶ 18, 23, 28. Injunctive relief is mentioned once in the introduction of the complaint, and then listed a second time in the prayer for relief, and is not otherwise mentioned in the complaint. Similarly, the complaint mentions declaratory relief only once in the prayer for relief. Under similar circumstances, this Court has held that the causes of action in a complaint did not clearly seek injunctive relief because the plaintiff had only mentioned injunctive relief in the prayer for relief and had not connected that prayer for relief to the causes of action. *See Madani v. Cty. of Santa Clara*, 2017 WL 1092398, at *11 (N.D. Cal. Mar. 23, 2017) (holding that a prayer for injunctive relief did not clearly indicate that Plaintiff sought injunctive relief under any specific cause of action); *see also Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1216 (E.D. Cal. 2009) (same). Similarly here, Plaintiff's mention of injunctive and declaratory relief does not transform the FEHA causes of action for monetary damages into causes of action for injunctive relief. Thus, because the causes of action themselves are not causes of action for injunctive or equitable relief, such a prayer does not transform the entire suit into an "action[] for injunctive or other equitable relief."

Moreover, as noted above, the prayer for injunctive and declaratory relief seeks

---

certification [as an injunctive class]"). *Mach-Tronics* and *Dhamer* indicate that where a suit is primarily or predominantly one for equitable relief, and money damages are incidental, the suit is still considered a suit for equitable relief, and vice versa. Therefore, these cases confirm that to determine whether a suit is an "action[] for injunctive or equitable relief," courts look to whether the equitable aspects of the suit predominate.

14

Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

prospective relief that would require Defendant to halt discrimination in the future. However, because Plaintiff's suit is brought against Defendant for a single incident in which Plaintiff was fired from his job due to disability discrimination, and Plaintiff mentions no facts to support an allegation of continuing discrimination, there are no facts that support Plaintiff's prayer for prospective injunctive and declaratory relief. Therefore, the Court concludes that Plaintiff's request for injunctive and equitable relief is not the primary or predominant relief sought in the instant suit. Thus, the injunctive or equitable relief exception does not apply to the instant suit. Accordingly, the Court finds that the injunctive or equitable relief exception does not preclude the application of the forum selection clause to the instant suit.

### 2. Whether the Instant Suit Arises Out Of or Relates To the Offer Letter

Defendant argues that the forum selection clause does not apply because the forum selection clause only applies to "action[s] or proceeding[s] arising out of or relating to this offer letter." Defendant contends that the FEHA causes of action are statutory causes of action that do not arise from or relate to the offer letter. In response, Plaintiff argues that the statutory causes of action at least "relate to" the offer letter because the causes of action arise from Defendant's termination of the employment relationship created by the offer letter.

The Ninth Circuit has addressed similar "arising out of or relating to language" albeit in the context of arbitration provisions. *See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011). In general, when the phrase "arising out of or relating to" is used in an arbitration provision, the "parties intend to include a broad arbitration provision." *Id.*; *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (such language "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"). Thus, in *Smith v. VMware, Inc.*, 2016 WL 54120, at *6–7 (N.D. Cal. Jan. 5, 2016),[5] a court in this district held that an arbitration provision that stated that it

---

[5] The caption for this case in Westlaw states the defendant's name as "Vmware, Inc." However, the correct name for the defendant is "VMware, Inc.," which is used throughout the district court order in that case. Therefore, the Court uses the case name *Smith v. VMware* in this order.

15
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

included disputes "arising under or relating to" an employment agreement, included claims for retaliation and wrongful termination. *Id.* The *VMware* court reasoned that "the [employment agreement] sets forth the relationship between the parties and their rights therein; thus, both retaliation and wrongful termination claims, at the very least, relate to the parties' relationship." *Id.*

Similarly, in the context of forum selection clauses, district courts have held that the term "relating to" is "generally construed quite broadly." *Kebb Mgmt., Inc. v. Home Depot U.S.A., Inc.*, 59 F. Supp. 3d 283, 289 (D. Mass. 2014) (holding that forum selection clause applied to claim for unfair or deceptive trade practices under Massachusetts consumer protection law where the forum selection clause limited its applicability to "disputes under or relating to [the contract between the parties]"); *see also Somerville Auto Transp. Serv., Inc. v. Auto. Finance Corp.*, 691 F. Supp. 2d 267, 271–72 (D. Mass. 2010) ("Courts generally construe the phrase 'relating to' broadly, likening the phrase to 'in connection with' and 'associated with,' and 'typically defined more broadly and . . . not necessarily tied to the concept of a causal connection.'").

This case is similar to *VMware*. Although this case involves a forum selection clause rather than an arbitration clause, the Court finds that the *VMware* court's reasoning is dispositive, especially because the phrase "relating to" is interpreted broadly for both forum selection and arbitration clauses. *See Kebb*, 59 F. Supp. 3d at 289 (interpreting "related to" in forum selection clause broadly). The offer letter sets forth the relationship between the parties and the FEHA claims for discriminatory termination, failure to accommodate, and failure to prevent discrimination "at the very least, relate to the parties' relationship" just as the wrongful termination and retaliation claims related to the parties' relationship in *VMware*. *See VMware*, 2016 WL 54120 at *6–7. Therefore, the Court finds that "arising out of or relating to" language does not prevent the forum selection clause from applying to the instant suit.

Accordingly, because the forum selection clause applies and indicates that Defendant consented to the exclusive jurisdiction of Santa Clara County Superior Court, the Court GRANTS Plaintiff's Motion to Remand.

16
Case No. 17-CV-00407-LHK
ORDER GRANTING MOTION TO REMAND

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. The Clerk shall transfer the instant suit to the California Superior Court for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: April 13, 2017

_____
LUCY H. KOH
United States District Judge